# United States Court of Appeals for the Tenth Circuit
## OFFICE OF THE CLERK
Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303)844-3157

**Elisabeth A. Shumaker**
**Clerk of Court**

**Douglas E. Cressler**
**Chief Deputy Clerk**

January 10, 2006

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 1 0 2006

GREGORY C. LANGHAM
CLERK

Ms. Kay Sieverding
Clear Creek County Jail
P.O. Box 518
Georgetown, CO 80444

Mr. David Sieverding
Mr. Ed Sieverding
Mr. Tom Sieverding
641 Basswood Ave.
Verona, WI 53593

Mr. Brett N. Huff
Mr. John M. Palmeri
White & Steele
950 17th Street, 21st Floor
Denver, CO 80202-2804

Mr. David R. Brougham
Hall & Evans
1125 Seventeenth Street
Suite 600
Denver, CO 80202

Ms. Patricia J. Larson
Associate General Counsel
American Bar Association
321 N. Clark Street
Chicago, IL 60610

Mr. J. Richard Tremaine
Mr. Randall W. Klauzer
Klauzer & Tremaine
P. O.Box 774525
Steamboat Springs, CO 80477

Mr. Michael T. McConnell
Ms. Meghan E. Pound
Ms. Traci L. Van Pelt
McConnell Siderius Fleischner Houghtaling & Craigmile
4700 S. Syracuse St.
#200
Denver, CO 80237

Mr. James B.F. Oliphant
Mr. Christopher Beall
Mr. Thomas B. Kelley
Mr. Christopher P. Beall

Faegre & Benson LLP
3200 Wells Fargo Center
1700 Lincoln Street
Denver, CO 80203

      Re:     05-1569, In re: Sieverd
             Dist/Ag docket:  02-N-1950

Dear Counsel:

     Enclosed is a copy of an order entered today in this case.

     Please contact this office if you have questions.

                          Sincerely,

                          Elisabeth A. Shumaker
                          Clerk, Court of Appeals

                     By:
                        Deputy Clerk

clk:afw

cc:   Gregory C. Langham, Clerk

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

In re:  KAY SIEVERDING,

      Petitioner.

No.  05-1569

### ORDER
Filed January 10, 2006

Before **BRISCOE**, **LUCERO**, and **HARTZ**, Circuit Judges.

Ms. Sieverding, proceeding pro se, petitions for a writ of mandamus directing Judge Nottingham of the District of Colorado to release her from jail where she was held on civil contempt charges.  We note initially that after a hearing held on January 4, 2006, Ms. Sieverding is no longer incarcerated.  The contempt order from which she seeks relief, however, is apparently still in effect.  She also seeks an order directing the district court to void an attorney's fee award of $113,000.

In order to establish entitlement to mandamus relief:

> A petitioner must establish clear abuse of discretion or conduct amounting to usurpation of judicial power by the district court.  Also, a petitioner must establish that he lacks alternatives to obtain the relief he desires and that his right to the writ is clear and indisputable.

*Werner v. State of Utah*, 32 F.3d 1446, 1447 (quotations and citations omitted).

Ms. Sieverding has failed to establish that she has no alternative remedies for the relief she seeks.  Once Ms. Sieverding was sent to jail for contempt, she could have immediately appealed the contempt order.  *See, e.g., Church of Scientology v. United States*, 506 U.S. 9, 18 n.11 (1992); *Willy v. Coastal Corp.*, 503 U.S. 131, 138 (1992).  She failed to do so, and the time for appeal has now passed, a circumstance that does not entitle her to mandamus relief.

As noted, Ms. Sieverding is apparently no longer in jail pursuant to the contempt order.  Her pro se petition can certainly be read, however, as seeking not only her release, but, more generally, relief from the district court's injunctive order imposing broad filing restrictions.  Ms. Sieverding has alternatives other than mandamus for that relief as well.  Though she has already appealed the district court's order that contained the injunction imposing the filing restrictions (although without challenging the restrictions), she can appeal any denial of a request to dissolve or modify that injunction.  *See* 28 U.S.C. § 1292(a)(1).  Finally, as to the most recent district court order, which broadened the scope of the filing restrictions contained in the previous injunction, Ms. Sieverding can also appeal that order.

As for the attorney's fee issue, as part of the judgment dismissing the underlying case, the district court awarded attorney fees and costs in favor of the defendants. That award was affirmed on appeal. The amount of the award was then determined in a May 2004 order by the magistrate judge. Objections were filed by the Sieverdings and no further order of the district court has been entered. Ms. Sieverding can appeal the amount of the award once a final judgment is entered.

The petition for a writ of mandamus is DENIED.

Entered for the Court
ELISABETH A. SHUMAKER, Clerk

By: _____
Deputy Clerk