## UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

Civil Action No. 02-cv-01950-EWN-OES

KAY SIEVERDING, et al.

    Plaintiffs,

v.

COLORADO BAR ASSOCIATION, et al.

    Defendants.

## ORDER IMPOSING FILING RESTRICTIONS ON
## KAY SIEVERDING AND DAVID SIEVERDING

This matter came before the Court on Newspaper Defendants' Motion for Further Relief Based Upon New Contempt By Kay Sieverding (Doc. No. 704), and following a Show Cause Hearing on January 4, 2006 and the Court's review of the extensive record in this case and the various other civil actions filed by the plaintiffs since this Court's March 19, 2004 order and judgment, the Court makes the following findings, conclusions and orders, hereby entering additional filing restrictions against Kay Sieverding and David Sieverding.

### Findings and Conclusions

This Court entered an order and judgment on March 19, 2004 finding the plaintiffs' claims to be groundless and frivolous, and the plaintiffs' arguments to be prolix, unorganized, incomprehensible, and legally twisted. The Court adopted the magistrate judge's recommendations to dismiss all the plaintiffs' claims and the more than one hundred motions

still pending at the conclusion of the case, and to impose a filing restriction against the plaintiffs' further *pro se* litigation. That filing restriction read as follows:

> Plaintiffs are hereby enjoined and prohibited from commencing litigation in this or any other court based on the series of transactions described in this case, unless they are represented by counsel.

("Order Accepting Magistrate Judge's Recommendation," entered Mar. 19, 2004, Doc. No. 455.) The Court's order and judgment was made final under Fed. R. Civ. P. 58(2) on March 22, 2004. The plaintiffs appealed this judgment, and on April 22, 2005, in an unpublished order and judgment, the Tenth Circuit affirmed both this Court's judgment and the filing restriction set out above.

Since this Court's judgment on March 19, 2004, both Kay Sieverding and David Sieverding have continued to engage in *pro se* civil litigation against various of the defendants in this case, those defendants' attorneys, as well as other parties, all in violation of the Court's filing restriction, and always with claims that are inherently frivolous.

At the Court's first Show Cause Hearing on September 2, 2005, this Court found that David and Kay Sieverding had violated the Court's March 19, 2004 filing restriction by filing the following civil actions as *pro se* litigants:

- *David Sieverding, et al. v. Faegre & Benson, LLP, et al.*, U.S. District Court for the District of Minnesota, Case No. 04-4317 JRT/FLN, filed Oct. 4, 2004;

- *David Sieverding, et al. v. Colorado Intergovernmental Risk Sharing Ass'n*, U.S. District Court for the District of Minnesota, Case No. 05-02 DWF/JSM, filed Jan. 2, 2005;

- *David Sieverding, et al. v. American Bar Ass'n, et al.*, U.S. District Court for the District of Northern Illinois, Case No. 05-cv-3766, filed June 23, 2005;

- *David Sieverding, et al. v. American Bar Ass'n*, U.S. District Court for the District of Columbia, Case No. 05-cv-1283, filed June 27, 2005;

- *David Sieverding, et al. v. Faegre & Benson, LLP, et al.*, U.S. Court of Appeals for the Eighth Circuit, Case No. 05-2824, filed June 29, 2005;

- *David Sieverding, et al. v. State of Colorado*, Colorado District Court – Denver County District Court, Case No. 2005-cv-5485, filed July 13, 2005; and,

- *David Sieverding, et al. v. American Bar Ass'n.*, U.S. District Court for the District of Columbia, Case No. 05-cv-1672, filed Aug. 22, 2005.

In addition to these post-judgment filings, the instant civil action here in Colorado was only the latest in a series of lawsuits previously filed by the plaintiffs. As indicated in the magistrate judge's report and recommendation, entered October 14, 2003, which this Court adopted on March 19, 2004, the plaintiffs previously sought to litigate most of the same issues raised in this case through multiple prior lawsuits both in Colorado state court and two separate actions in the U.S. District Court for the District of Wisconsin.

During the Show Cause Hearing on September 2, 2005, Kay Sieverding was found to be in contempt of court for having filed the above-listed post-judgment civil actions. During her colloquy with the Court following the Court's contempt finding, Kay Sieverding refused to purge her contempt by agreeing to dismiss those lawsuits. As a result, she was remanded to the custody of the United States Marshal's Service until such time as she dismisses all the civil actions that she filed in violation of the March 19, 2004 filing restriction. She remained in custody until January 4, 2006, when, during the second Show Cause Hearing, she gave her verbal promise to dismiss all pending litigation within eleven days.

With respect to David Sieverding, during the first Show Cause Hearing on September 2, 2005, David Sieverding acknowledged participating in the filing of the above-listed civil actions, but he agreed to withdraw his participation in those matters in light of the Court's contempt finding. Based on David Sieverding's commitment to the Court that he would promptly file

dismissals of his involvement in those matters, he was not placed into custody. The Court has since learned, however, that David Sieverding did not immediately fulfill his commitment to the Court to withdraw from all litigation that violated the March 19, 2004 filing restriction, and that he in fact participated in his wife's filing of yet another *pro se* lawsuit in the District of Columbia. Following the Court's second Show Cause Hearing on January 4, 2005, David Sieverding submitted to the Court evidence showing that he subsequently has withdrawn from all litigation that violates the March 19, 2005 filing restriction.

During her incarceration under this Court's September 2, 2005 order, Kay Sieverding has continued to file civil actions in violation of the March 19, 2005 filing restrictions. The first of these additional lawsuits lists both David and Kay Sieverding as plaintiffs, whereas the latter two cases were nominally only filed by Kay Sieverding. The Court is aware, however, based on Kay Sieverding's statements in her various filings in this case, that David Sieverding assisted Kay Sieverding in the filing of the latter two cases:

- *Kay Sieverding, et al. v. American Bar Ass'n*, U.S. District Court for the District of Columbia, Case No. 05-cv-2122, filed October 31, 2005;

- *Kay Sieverding v. WorldWest Limited Liability Company*, U.S. District Court for the District of Kansas, Case No. 05-cv-2510, filed December 8, 2005; and,

- *In re Sieverding, et al. v. Colorado Bar Ass'n, et al.*, U.S. Court of Appeals for the Tenth Circuit, Case No. 05-1569, filed December 30, 2005.

The Court finds that these three additional lawsuits also violate the March 19, 2004 filing restriction, thereby constituting further contempts of court by Kay Sieverding and David Sieverding.

As demonstrated by the docket for the proceedings in this case, the plaintiffs have filed in this particular case more than 600 motions or other papers, virtually every one of which has been

4

frivolous or incomprehensible or both. Indeed, during the four months of her incarceration since September 2, 2005, Kay Sieverding alone filed more than 125 separate motions, statements, requests, or other papers, virtually every one of which has been denied as frivolous. (That filing rate represents approximately one filing for every day that Kay Sieverding was in custody.) In the Tenth Circuit appeal of the underlying judgment in this case, the plaintiffs also filed scores of motions and other papers, all of which were denied. Similarly, the docket reports of the plaintiffs' litigation in the District of Columbia confirm this abusive pattern of filings by the plaintiffs. Indeed, it appears that in every civil action filed by the plaintiffs, they are unwilling to comply with the Rules of Civil Procedure, and they willfully attempt to harass the courts and the litigants with excessive and frivolous filings. This abusive litigation conduct has created substantial attorneys' fees for any defendant who has the misfortune to be the object of the plaintiffs' misconduct, and it has unnecessarily burdened the courts that have been forced to deal with the plaintiffs.

In light of the record of the plaintiffs' conduct as *pro se* litigants in this action and the numerous other actions they have filed around the country, the Court finds that Kay Sieverding and David Sieverding have abused the privilege to engage in *pro se* litigation, and that this abusive litigation conduct has harmed both the parties involved in their cases and the judicial system itself.

The Court "has the inherent power to impose sanctions that are necessary to regulate the docket, promote judicial efficiency, and deter . . . frivolous filings." *Van Sickle v. Holloway*, 791 F.2d 1431, 1437 (10th Cir. 1986); *see also Braley v. Campbell*, 832 F.2d 1504, 1510 (10th Cir. 1987). If "a party 'has engaged in a pattern of litigation activity which is manifestly abusive,' restrictions are appropriate," including an order enjoining a litigant from filing any *pro se* claims

without first seeking prior leave of the court.  *See Winslow v. Homer (In re Winslow)*, 17 F.3d 314, 314 (10th Cir. 1994) (quoting *Johnson v. Cowley*, 872 F.2d 342, 344 (10th Cir. 1989)).  The "'right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious.'"  *Winslow*, 17 F.3d at 315 (quoting *Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1989)); *see also Procup v. Strickland*, 792 F.2d 1069, 1073 (5th Cir. 1986); *Martin-Trigona v. Lavien (In re Martin-Trigona)*, 737 F.2d 1254, 1261-62 (2nd Cir. 1984).

The record here amply supports the Court's conclusion that without further filing restrictions on Kay Sieverding and David Sieverding, they will continue to inflict harm and clog the courts with frivolous and abusive litigation.  The Court further concludes that the additional filing restrictions as to both of these parties are necessary because, although it has been Kay Sieverding, rather than David Sieverding, whom the evidence shows to be the ringleader of the plaintiffs' abusive litigation, David Sieverding has knowingly aided and abetted in Kay Sieverding's filings.

The filing restrictions set out below comply with due process requirements because they provide Kay Sieverding and David Sieverding with an opportunity to pursue any claim they may wish to file as a *pro se* party so long as the claim is not facially frivolous, and the restrictions provide the plaintiffs with an opportunity to seek rescission or amendment thereof upon a showing of good cause.  *See Werner v. Utah*, 32 F.3d 1446, 1448 (10th Cir. 1994).  This is all that due process requires under the circumstances.

## **ORDER**

Based upon the foregoing, the Court hereby ORDERS and DECREES as follows:

1. Kay Sieverding and David Sieverding are hereafter prohibited from commencing any *pro se* litigation in any court in the United States on any subject matter unless they meet the requirements of Paragraph 2 below.

2. Prior to commencing any *pro se* litigation in any court in the United States on any subject matter, Kay Sieverding and/or David Sieverding, as the case may be, must first seek and obtain specific approval from this Court that the proposed filing is not frivolous.  Each and every *pro se* complaint or other initiating pleading henceforward submitted by Kay Sieverding and/or David Sieverding to any court in the United States must contain a certification under oath by the filing party (or parties) that it has been approved as non-frivolous by this Court and it must be accompanied by a copy of an order from this Court permitting Kay Sieverding and/or David Sieverding to file the proposed *pro se* document.

3. This Order does not apply to any filing made on behalf of Kay Sieverding or David Sieverding by a licensed attorney who signs the filing pursuant to the strictures of Fed. R. Civ. P 11(b), or its state-law equivalent.

4. Kay Sieverding and David Sieverding are hereby advised that they may be subject to criminal contempt prosecution for any further violations of this Court's restrictions on their *pro se* filings, in addition to any civil remedies that may otherwise be sought.

5. The filing restrictions contained in this Order may be set aside only upon a showing of good cause by the plaintiffs.

6. The filing restrictions contained in this Order are in addition to, and do not supersede, the previously entered filing restrictions contained in this Court's order and judgment of March 19, 2004.

Dated this 30th day of January, 2006.

BY THE COURT

s/ Edward W. Nottingham
EDWARD W. NOTTINGHAM
United States District Judge