IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Edward W. Nottingham**

Civil Action No. 02–cv–01950–EWN–OES

KAY SIEVERDING,
DAVID SIEVERDING,
ED SIEVERDING, and
TOM SIEVERDING,

    Plaintiffs,

v.

COLORADO BAR ASSOCIATION and their insurance company (true name unknown);
CITY OF STEAMBOAT SPRINGS, CO, a municipality (hereinafter CITY);
AMERICAN BAR ASSOCIATION and their insurance company (true name unknown);
JANE BENNETT, private citizen acting in conspiracy with City policy makers;
KEVIN BENNETT, individually and in capacity as CITY Council member;
KEN BRENNER, individually and as a CITY Council Member;
DAVID BROUGHAM, individually and in capacity as apparent CITY insurance agent (for CIRSA);
CIRSA, insurance for the CITY;
INSURANCE AGENT, other than Brougham, and decision makers for CIRSA (true name unknown);
KATHY CONNELL, individually and as employed as CITY Council Member;
DAVIS, GRAHAM & STUBBS, LLC;
JAMES ENGLEKEN, individually and in capacity as CITY Council Member;
ART FIEBING, individually and as employed as CITY assistant chief of police;
SANDY FIEBING, individually and as the CITY code enforcement officer;
DANIEL FOOTE, individually and in capacity as Assistant CITY attorney;
JAMES GARRECHT, in capacity as district court judge (for injunctive relief only since he is immune from suit for damages);
J.D. HAYS, individually and in capacity as CITY director of public safety;
HALL & EVANS, LLC and their insurance;
JAMES "SANDY" HORNER, individually and as an attorney working for KLAUZER & TREMAINE and his insurance company;
PAUL HUGHES, individually and in capacity as CITY manager;
KLAUZER & TREMAINE, a law firm, and insurance (true name unknown);

RANDALL KLAUZER, individually and in capacity as an attorney and his insurance company;
CHARLES LANCE, individually and in capacity as former district attorney and his insurance;
ANTHONY LETTUNICH, individually and in capacity as CITY attorney and his insurance;
PAUL R. MCLIMANS, individually and in capacity as a district attorney and his insurance company;
WENDIE SCHULENBURG (A.K.A. ROONEY), individually and in capacity as CITY planning services director, and her insurance;
MELINDA SHERMAN, former Assistant CITY attorney, individually, and in capacity, and their insurance;
KERRY ST. JAMES, individually and in capacity as deputy or assistant district attorney; and his insurance;
JAMES B.F. OLIPHANT, Bennett's attorney and purchaser of plaintiff's home;
SUZANNE SCHLICHT, individually and in capacity as newspaper publisher and her insurance;
STEAMBOAT PILOT & TODAY NEWSPAPER (WORLDWEST LIMITED LIABILITY COMPANY) and insurance (true name unknown);
ARIANTHE STETTNER, individually and in capacity as CITY council member;
PAUL STRONG, individually and in capacity as CITY Council Member; and his insurance company;
RICHARD TREMAINE, individually and in capacity as an attorney; and his insurance company;
JAMES WEBER, individually and in capacity as CITY public works director, and his insurance company;
P. ELIZABETH WITTEMYER, individually and in capacity as Deputy District attorney, and her insurance,

       Defendants.

## ORDER CONCERNING ATTORNEY FEES

This matter has come to the attention of the court on docket #755, a motion filed by some of the Defendants for fees and costs incurred from May 1, 2004 through the date the motion was

filed, December 30, 2005. To decide the motion the court has reviewed various pleadings and orders entered in this case, commencing with this court's order of March 19, 2004, which accepted a thorough recommendation of the assigned magistrate judge, dismissed the case, and awarded Defendants attorney fees and costs incurred from January 30, 2003 forward. This review has disclosed a number of important matters which have been overlooked in the welter of filings with which Ms. Kay Sieverding has relentlessly peppered the court and Defendants' counsel. The court will now attempt to address these matters and get the case back on track for further proceedings in this court and/or the court of appeals.

The court's order of March 19, 2004, as noted, required Plaintiffs Kay and David Sieverding to pay attorney fees and costs incurred by all Defendants from January 30, 2003 forward. The order went on to recommit the litigation to the magistrate judge "for consideration of the attorney fees and costs to be awarded and a *recommendation* concerning those fees and costs." (Emphasis supplied.) On March 24, 2004, the clerk entered Final Judgment on the March 19 order. This judgment was final and appealable, even though the matter of attorney fees remained pending in this court. *See, e.g., Pa. Nat'l Mut. Cas. Ins.Co. v. City of Pittsburg*, 987 F.2d 1516, 1518 (10th Cir. 1993). Plaintiffs did appeal, and the United States Court of Appeals for the Tenth Circuit affirmed this court's judgment on April 22, 2005.

Meanwhile, the litigation concerning attorney fees proceeded before the magistrate judge. On May 14, 2004, the magistrate judge issued an order awarding fees and costs to Defendants, notwithstanding that this court had mandated a recommendation in its March 19 order. The court believed — and continues to believe — that a magistrate judge does not have authority to enter a

final order or judgment concerning attorney fees, but only to make a recommendation.  *E.g., Rajaratnam v. Moyer*, 47 F.3d 922, 923–24 (7th Cir. 1995);  *Estate of Conners by Meredith v. O'Connor*, 6 F.3d 656, 658–59 (9th Cir.1993); *cf. Colorado Bldg. & Constr. Trades Council v. B.B. Andersen Constr. Co.*, 879 F.2d 809, 811 (10th Cir.1989) (stating that a magistrate assigned additional duties under § 636[b][3] "remains constantly subject to the inherent supervisory power of the district judge").  Thus, the overlooked or unresolved matter which the court must address is the magistrate judge's ruling of May 14, 2004 concerning attorney fees.  Because the ruling involved a final disposition of the questions concerning attorney fees, the court will treat it as a recommendation.

On June 3, 2004, Plaintiffs filed objections to the magistrate judge's recommendation. The court must review the objections under the *de novo* standard of review.  The court has done so.  The objections are, characteristically, rambling, prolix, and sometimes incomprehensible. They are organized under eighteen main sections headed by capital letters, many of which contain myriad sub-sections.  The court will refer to the lettered sections in this ruling.

Plaintiffs mistakenly take the position that, since they appealed the judgment of dismissal, this court lacked jurisdiction to consider attorney fees (Sections A, B, C).  This is wrong as a matter of law.  *See Pa. Nat'l Mut. Cas. Ins.Co. V. City of Pittsburg, supra*, 987 F.2d at 1518. Even if it were right, the Tenth Circuit has affirmed the dismissal and issued its mandate.  This court has thus re-acquired jurisdiction.

For the most part, Plaintiffs' objections are an attempt to reargue the merits of the dismissal or to assert that they should have prevailed in their appeal (Sections D, E, G) or are

without merit as a matter of fact and law (Sections F, H, J [in part] K, M, N, O, P, Q, and R). There is only one issue on which the court agrees with Plaintiffs. In section J, they argue that the magistrate judge mistakenly awarded $10,000 in fees to the American Bar Association. The court has searched for documentation supporting this award but has located none. The notation in the recommendation is that the award is "per order of court." Except for the recommendation itself, however, the court has not been able to locate an order which would support the award. This aspect of the award, then, must be rejected. Otherwise, the court will accept the recommendation.

The court now turns to the motion which precipitated this review of the record — the request of some Defendants for fees and costs incurred after the date of the magistrate judge's recommendation, May 14, 2004. Some of these fees are ripe for determination — for example, the fees incurred in defending against the frivolous appeal of this court's dismissal of the case. Other parts are not so ripe — for example, the fees incurred in pursuing remedies against Kay and David Sieverding for contempt of court. Kay Sieverding has appealed this court's finding of contempt and the matter is before the Tenth Circuit. She has also appealed the magistrate judge's "ruling" on attorney fees, even though it now appears that the ruling was not final and that no judgment for fees has heretofore been entered. These issues, too, are before the Tenth Circuit. The appellate court may issue a ruling which would call into question the entitlement to fees. In any event, the court's ruling on the appeal will likely generate still another supplemental request for fees. In these circumstances, this court exercises its discretion to postpone resolution of the

motion at issue until the appellate court resolves any appeal, so that all fee questions can be addressed in a single proceeding.

In accordance with the foregoing findings and conclusions, it is

**ORDERED** as follows:

1. The magistrate judge's ruling/recommendation concerning fees, filed May 14, 2004 (#487) is ACCEPTED in part and REJECTED in part.   It is rejected insofar as it recommends an award in favor of the American Bar Association in the amount of $10,000.  It is accepted in all other respects.

2. The clerk shall forthwith enter a Final Judgment Concerning Attorney Fees in favor of Defendants and against Plaintiffs Kay and David Sieverding in the total amount of $101,864.82, allocated as follows:  Hall & Evans $21,547.61; Lettunich & Vanderblemen $11,196.00; McConnell Siderius $35,857.00; Feldman, Nagel & Oliphant $8,900.00; Faegre & Benson $12,368.00;White & Steele $11,996.21.

3. The motion for supplemental attorney fees (#755) is DENIED without prejudice to renewal at a later point in these proceedings, after the Tenth Circuit has ruled on the issues before it.

4. The following Kay Sieverding motions are DENIED as frivolous:  ##893, 896, 897, 899, 900, 902, 904, and 905.

Dated this 27th day of September, 2006.

BY THE COURT:

s/ Edward W. Nottingham
EDWARD W. NOTTINGHAM
United States District Judge