**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 16, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

In re: KAY SIEVERDING; DAVID SIEVERDING,

        Petitioners.

No. 11-1257
(D.C. No. 1:02-CV-01950-CMA-OES)
(D. Colo.)

---

**ORDER**

---

Before **MURPHY**, **O'BRIEN**, and **GORSUCH**, Circuit Judges.

---

This matter comes before the court on the petition for writ of mandamus or, alternatively, writ of prohibition filed by Kay and David Sieverding. The Sieverdings seek mandamus relief with respect to three rulings of the United States District Court for the District of Colorado in case No. 1:02-CV-01950: (1) the district court's dismissal of their complaint with prejudice; (2) its imposition of attorney fees and costs as a sanction under Rule 11 of the Federal Rules of Civil Procedure; and (3) its imposition of filing restrictions. The Sieverdings have previously challenged each of these rulings on appeal. *See Sieverding v. Colo. Bar Ass'n*, 126 F. App'x 457, 459 (10th Cir. 2005) (upholding dismissal of complaint with prejudice); *Sieverding v. Colo. Bar Ass'n*, 469 F.3d 1340, 1344-45 (10th Cir. 2006) (upholding imposition of filing restrictions as modified to narrow scope); *Sieverding v. Colo. Bar Ass'n*, 237 F. App'x 355,

358-59 (10th Cir. 2007) (upholding award of attorney fees and costs under Fed. R. Civ. P. 11); *Sieverding v. Colo. Bar Ass'n*, 310 F. App'x 229, 231-32 (10th Cir. 2009) (upholding denial of Fed. R. Civ. P. 60(b)(4) motion challenging award of attorney fees and costs). And only a few weeks ago, the Sieverdings filed a petition for writ of prohibition challenging the district court's imposition of attorney fees and costs on a ground similar to that raised here; we dismissed the petition as frivolous.

"[M]andamus is not a substitute for an appeal"; it is "a drastic remedy, and is to be invoked only in extraordinary circumstances." *In re Cooper Tire & Rubber Co.*, 568 F.3d 1180, 1186 (10th Cir. 2009) (internal quotation marks omitted). To obtain mandamus relief, the Sieverdings must show they have no other avenue for relief and their right to the writ is clear and indisputable. *Id.* at 1187. We in turn, must conclude in the exercise of our discretion that mandamus relief is warranted under the circumstances. *Id.*

The Sieverdings utterly fail to meet the standard for mandamus relief. Their mandamus petition is frivolous and should be dismissed. The petition is also another example of the Seiverdings' continued frivolous and abusive filings in this court. In 2009, we told the Sieverdings "[t]here is nothing left to be reviewed from this district court case," and we warned them that "if they file another appeal or special proceeding arising out of this district court case then we will seek to impose sanctions against them in the form of appellate filing

restrictions." *Sieverding*, 310 F. App'x at 232 (citing *Winslow v. Hunter (In re Winslow)*, 17 F.3d 314, 315-16 (10th Cir. 1994)). It is time to put our warning into effect.

"Federal courts have the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions in appropriate circumstances." *Andrews v. Heaton*, 483 F.3d 1070, 1077 (10th Cir. 2007). One or both of the Sieverdings have filed ten appeals, numerous requests for mandamus relief, and countless motions arising out of a single District of Colorado case.[1] The Sieverdings were denied relief in all but appeal No. 06-1038, where they obtained partial relief when this court narrowed the scope of the district court's filing restrictions, which it otherwise affirmed. Many of their filings not only lacked merit, but were frivolous and abusive.

Accordingly, subject to Rule 35 of the Federal Rules of Appellate Procedure and Tenth Circuit Rule 35.1, we will not accept any further filings,

---

[1] The relevant filings in this court are: No. 04-1108 (appeal: judgment affirmed & rehearing en banc denied); No. 04-1143 (appeal: judgment affirmed & rehearing en banc denied); No. 04-1152 (appeal: judgment affirmed & rehearing en banc denied); No. 05-1569 (mandamus petition: relief denied & reconsideration denied); No. 06-1023 (mandamus petition: relief denied); No. 06-1038 (appeal: judgment affirmed as modified & rehearing denied; 2 mandamus petitions: relief denied); No. 06-1072 (appeal: procedurally terminated); No. 06-1439 (appeal: judgment affirmed & panel rehearing and motions to recall mandate denied); No. 06-1465 (appeal: dismissed as moot; mandamus petition: relief denied as frivolous); No. 06-1466 (appeal: dismissed for lack of standing); No. 06-1524 (appeal: dismissed as moot); No. 08-1297 (appeal: judgment affirmed & panel and en banc rehearing denied); and No. 11-1227 (writ of prohibition: dismissed as frivolous).

including appeals and original proceedings, from Kay or David Sieverding related to District of Colorado case No. 1:02-CV-01950 or its subject matter, unless the filings arise out of criminal contempt proceedings. The Clerk of this court shall return any prohibited filings, unfiled, to Kay or David Sieverding.

Kay and David Sieverding shall have ten days from the date of this order to file written objections, limited to fifteen pages, to these proposed sanctions. *See Andrews*, 483 F.3d at 1078. If neither Kay nor David Sieverding files an objection, the sanctions shall take effect twenty days from the date of this order. If either Kay or David Sieverding does file a timely objection, these sanctions shall not take effect as to the objecting party until after this court has ruled on the objection; the filing restrictions shall apply to any matter filed after that time.

The petition for a writ of mandamus is DISMISSED as frivolous. Except as noted herein, Kay and David Sieverding are ENJOINED from additional filings, including appeals and original proceedings, relating to District of Colorado case No. 1:02-CV-01950 or its subject matter, unless the filings arise out of criminal contempt proceedings.

                              Entered for the Court,

                              */s/ Elisabeth A. Shumaker*

                              ELISABETH A. SHUMAKER, Clerk